## JOHN JOHNSTON v. JOHN H. HORNE.

INDIAN RESERVATION: PATENT TO INDIAN'S VENDEE: EFFECT OF.—A patent for a tract of land reserved to a Choctaw Indian, under the provisions of the treaty of Dancing Rabbit Creek, issued by the government of the United States to the vendee of the Indian, and reciting a sale by the reservee to the patentee and its approval by the government, is evidence of a good title to the land in the patentee against all persons except the Indian or his heirs, or a party claiming title under him by a purchase duly approved, according to the terms of the treaty.

IN error from the Circuit Court of Jasper county. Hon. John Watts, judge.

*T. J.* and *F. A. Wharton,* for plaintiff in error.

*D. C. Glenn, contra.*

FISHER, J., delivered the opinion of the court.

This was an action of ejectment in the Circuit Court of Jasper county.

The plaintiff below introduced a patent issued by the government of the United States, which recites that the land was reserved to a certain Indian under the provisions of the treaty of Dancing Rabbit Creek; and that the Indian had sold the land to the plaintiff, Horne, which sale had been approved by the President of the United States, as appeared by the records in the proper department. The counsel for the defendant objected to the reading of the patent as evidence, on the ground that it was issued to Horne,

the Indian's vendee, and not to the Indian, as required by the 8th section of the Act of Congress, approved 23d of August, 1842. Laws U. S. p. 516. But the court overruled the objection and the counsel excepted.

The patent as to all persons who do not show a title derived from the Indian must be treated as valid. Only the Indian who might be injured, or his legal representatives, or a party claiming under the Indian by a purchase duly approved according to the terms of the treaty, can make the objection insisted on by the plaintiff in error.

This being the only error assigned, the judgment is affirmed.